UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GIOVANI DEPIANTI, et al.,        )
    Plaintiffs                   )
                     )
                     )
        v.                   )   C.A. No. 08-10663-MLW
                     )
JAN-PRO FRANCHISING              )
INTERNATIONAL, INC.,             )
    Defendant.                   )

MEMORANDUM AND ORDER

WOLF, D.J.                                    September 13, 2016

I.   INTRODUCTION

In this case, eleven plaintiffs from various states alleged common law and state law claims against defendant Jan-Pro Franchising International, Inc. ("JPI"). Now, however, only three plaintiffs remain--all from California (the "California plaintiffs"). These plaintiffs have filed a Motion to Sever and Transfer Out-of-State Claims ("Pl. Mot."). For the reasons described below, this motion is being allowed.

II.  BACKGROUND

A.   Facts

JPI is a Massachusetts corporation with headquarters in Alpharetta, Georgia. It has trademarked the "Jan-Pro" name. JPI sits at the top of a three-tiered system of cleaning franchises. JPI sells the rights to use the Jan-Pro name to "regional master franchisees," which are separate corporate entities from JPI. The regional master franchisees, in turn, sell the rights to use

the Jan-Pro name to "unit franchisees," who perform cleaning services for customers. The regional master franchisees also solicit business for the unit franchisees and manage the process of billing the customers. Regional master franchisees pay JPI a fee for each unit franchise they sell. They also remit to JPI a percentage of the revenue that they collect for the cleaning work performed by their unit franchisees.

Unit franchisees may be individuals or corporations. The agreements between the regional master franchisees and each unit franchisee, like the agreements between JPI and each regional master franchisee, state that unit franchisees are independent contractors, not an agents or employees of the regional master franchisees. Every new unit franchisee is guaranteed, in its agreement with the regional master franchisee, a volume of cleaning accounts in the regional master franchisee's geographic region worth a specified amount of gross annual billing.

B.   Procedural History

This action was filed on April 18, 2008. The original plaintiffs were individual unit franchisees from three states. The plaintiffs later filed an Amended Complaint, adding unit franchisees from four more states. In the Amended Complaint, the plaintiffs allege that they and others similarly situated were misled into entering into agreements that improperly classified them as independent contractors when, as a matter of law, they

were employees. They also allege that the terms of the agreements they signed were inherently unfair, and that these terms were systematically breached. They assert claims of unfair and deceptive business practices (Count I); misclassification as independent contractors (Count II), along with related wage-law violations (Count III); misrepresentation (Count IV); quantum meruit (Count V); and unjust enrichment (Count VI).

After the parties filed motions for summary judgment, the court decided to focus on the claims of Massachusetts plaintiff Giovani Depianti as, essentially, a test case. In the August 22, 2014 Memorandum and Order Concerning Summary Judgment, the court denied Depianti's motion for partial summary judgment, and granted summary judgment in favor of JPI on all but two claims. Depianti dismissed these remaining claims, while preserving the right to appeal on two of his other claims. See Stipulation of Dismissal with Prejudice of Plaintiff Giovanni Depianti's Remaining Claims. Most of the other plaintiffs have dismissed their claims as well. See Oct. 23, 2014 Joint Submission at 1.

Only the three California plaintiffs remain: Gloria Roman, Juan Aguilar, and Gerald Vasquez. Id. They are all residents of California. They have filed a Motion to Sever and Transfer their claims to California, which JPI opposes.

III. ANALYSIS

   A.   <u>Severance</u>

   "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. District courts have "broad latitude" to sever claims. <u>Acevedo-Garcia v. Monroig</u>, 351 F.3d 547, 558 (1st Cir. 2003). "The decision to separate parties or claims is a case management determination peculiarly within the discretion of the trial court." <u>Id.</u> (internal quotation marks omitted). In determining whether to sever claims, a court considers numerous factors, including:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

<u>Spinal Imaging Inc. v. State Farm Mut. Auto. Ins. Co.</u>, 2013 WL 1755200, at *4 (D. Mass. Apr. 24, 2013) (quoting <u>Preferred Med. Imaging v. Allstate Ins. Co.</u>, 303 F. Supp. 2d 476, 477 (S.D.N.Y. 2004)).

   The court finds that all of these factors either favor severance or are neutral. First, the California plaintiffs' claims arise out of business relationships created by contracts they signed with regional master franchisees in California to

4

provide services in that state. See, e.g., Aguilar Franchise Agreement at 1; Roman Franchise Agreement at 1; Vazquez Franchise Agreement at 1. On the other hand, Depianti's claims arise out of the relationship he had with a regional master franchisee in Massachusetts. See, e.g., Depianti Franchise Agreement at 1. Therefore, the California plaintiffs' claims arose out of transactions separate from Depianti's. The first factor supports severance.

Second, while there are some common questions of fact, there are few common questions of law. JPI's business model is the same in California and in Massachusetts. The California plaintiffs' franchise agreements and Depianti's franchise agreements are similar, as are the agreements between the various regional master franchises and JPI. However, the business relationships these agreements created are independent of each other, and likely present unique facts. More importantly, the California plaintiffs' claims arise under California law, while Depianti's arise under Massachusetts law. Indeed, the resolution of Depianti's claims was dependent on state law that this court certified multiple questions to the Massachusetts Supreme Judicial Court. On the balance, the court finds that this factor is neutral.

Third, judicial economy would be served by severance. Depianti intends to appeal this court's summary judgment order.

See Oct. 23, 2014 Joint Submission at 1. He cannot do so until this court enters a final judgment on his claims. The court cannot do so until the California plaintiffs' claims are decided or severed. Severing these claims will allow Depianti to more quickly file his appeal.

Fourth, there would be no prejudice to JPI if severance were granted. JPI claims that it "would likely need to invest substantial duplicate time and resources to bring another judge fully up to speed on the . . . case." Def.'s Opp. to Pl.'s Mot. at 9 ("Def.'s Opp."). However, this court has so far focused on Depianti's claims. It would, like any other court, need to be "brought up to speed" as to the facts and law of the California plaintiffs' claims. In addition, JPI claims that its employees are in Georgia and that it can secure their presence in Massachusetts for trial. See id. at 10. It can presumably do the same if there is a trial elsewhere. This factor is, therefore, neutral with respect to severance.

Fifth, even though Depianti and the California plaintiffs signed similar agreements with regional master franchisees, their claims arise out of distinct transactions with different parties. While some witnesses and documents may be relevant to both sets of agreements, many may not. Therefore, this factor supports severance.

6

In light of the foregoing, the court is severing the California plaintiffs' claims from Depianti's.

B.   Transfer

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[1] 28 U.S.C. §1404(a). "The burden of proof rests with the party seeking transfer." Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000).

Ordinarily, "there is a 'strong presumption in favor of the plaintiff's choice of forum.'" Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 13 (1st Cir. 2009) (quoting Coady, 223 F.3d at 11). This presumption carries less weight where a plaintiff files a case in one forum and subsequently seeks to transfer it to another. See, e.g., Samaan v. St. Joseph Hosp., 685 F. Supp. 2d 163, 168 (D. Me. 2010) (denying transfer where

---

[1] In order to transfer this case to the United States District Court for the Northern District of California, both that court and this court must have personal and subject matter jurisdiction, and venue must be proper in each court. See 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §3845 (4th ed. 2015); cf. In re LimitNone, LLC, 551 F.3d 572, 576 (7th Cir. 2008) (stating, in reviewing a petition for mandamus, that "the district court was not required to determine its own subject-matter jurisdiction before ordering the case transferred" pursuant to §1404(a)). The court finds that these requirements are met, without prejudice to possible reconsideration by the transferee court.

plaintiff gave no reason for change in choice of forum); <u>James v. Daley & Lewis</u>, 406 F. Supp. 645, 648-49 (D. Del. 1976) (denying transfer where plaintiff did not show "a change in circumstances since the filing of his suit"). In the instant case, the California plaintiffs consented to litigate their claims in Massachusetts with the other plaintiffs rather than choosing the forum themselves. However, the posture of the case has changed significantly since it was filed. It is, therefore, proper to give some weight to the California plaintiffs' current choice of forum. See <u>Philip Carey Mfg. Co. v. Taylor</u>, 286 F.2d 782, 784 (6th Cir. 1961) (court may consider changed circumstances as factor in deciding plaintiff's motion to transfer). In any event, "§1404(a) accords broad discretion to district court, and plaintiff's choice of forum is only one relevant factor for its consideration." <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 31 (1988).

A district court considering a motion for transfer "must evaluate both the convenience of the parties and various public-interest considerations." <u>Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas</u>, 134 S. Ct. 568, 581 (2013). In weighing convenience, the court must consider both the "convenience of the parties and the witnesses." 28 U.S.C. §1404(a). "Judges in this District agree that convenience of the witnesses is an extremely important, if not the most important,

factor to be analyzed in determining whether to change a litigation's venue." Gemini Inv'rs Inc. v. Ameripark, Inc., 542 F. Supp. 2d 119, 126 (D. Mass. 2008) (citing Brant Point Corp. v. Poetzsch, 671 F. Supp. 2, 3 (D. Mass. 1987)).

> To demonstrate inconvenience, the movant must (1) identify the witnesses and their locations; (2) indicate the quality or materiality of the[ir] testimony; and (3) show[] that any such witnesses were unwilling to come to trial . . . [,] that deposition testimony would be unsatisfactory[,] or that the use of compulsory process would be necessary.

Employers Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1169 (10th Cir. 2010) (internal quotations omitted). The court must also consider "relative ease of access to sources of proof; availability of compulsory process . . .; possibility of view of premises . . .; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Atl. Marine, 134 S. Ct. at 581 n.6 (internal quotation mark omitted).

The California plaintiffs are all residents of that state. Def.'s Statement of Facts in Supp. of Mot. for Summ. J. at 4. The putative California class members presumably are as well. JPI is a Massachusetts corporation, but its headquarters are in Alpharetta, Georgia. Id. at 1. JPI's employees are in Georgia. While JPI states that it "can readily procure [its employees'] appearance in Massachusetts for trial if necessary," Def.'s Opp. at 10, it should be able to procure their presence in California as well. The same is true of documentary evidence. Therefore, a

transfer of venue to California is more convenient for the California plaintiffs and not less convenient for JPI.

The California plaintiffs have not specified who their witnesses would be and what their testimony would be, as is required to allow transfer of a case on the ground of convenience of the witnesses. See Boateng v. Gen. Dynamics Corp., 460 F. Supp. 2d 270, 275 (D. Mass. 2006) (moving party must specify witnesses and describe anticipated testimony). Therefore, although this factor would likely weigh in favor of the California plaintiffs, the court's decision to transfer does not rest on this finding.

"The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system." Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc., 626 F.3d 973, 978 (7th Cir. 2010). The public interest factors a court may consider include:

> the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 509 (1947)). When a motion to transfer is made late in litigation, the court

may also consider whether the moving party is responsible for the delay and whether the nonmoving party would be prejudiced. See, e.g., Babbidge v. Apex Oil Co., 676 F. Supp. 517, 522 (S.D.N.Y. 1987); Blumenthal v. Mgmt. Assistance, Inc., 480 F. Supp. 470, 471 (N.D. Ill. 1979). The public interest factors in this case weigh in favor of transfer.

This case has been pending before this court for several years, and the court has dismissed all of the claims brought by the Massachusetts plaintiffs. As discussed earlier, the law and facts involved in those claims are not the same as those involved in the California plaintiffs' claims. JPI contends that a California court would have to familiarize itself with the California plaintiffs' claims. However, in focusing on Depianti's claims, this court has not acquainted itself with the facts or law surrounding the California plaintiffs' claims. Therefore, were this court to decide the California plaintiffs' claims on the merits, it would be in a similar position to a court reviewing this case for the first time. To the extent that this court has become knowledgeable about issues common to the claims of Depianti and the California plaintiffs, these issues are not complicated and can be easily learned by a new court.

The interest of judicial economy will not be injured by a transfer.[2]

Although JPI is a Massachusetts Corporation, California has a greater interest in this case. More specifically, California has a greater interest than Massachusetts in adjudicating the employment rights of its citizens. See Jones v. GNC Franchising, Inc., 211 F.3d 495, 499 (9th Cir. 2000) (California was superior venue for citizen's franchise contract dispute, despite forum selection clause favoring Pennsylvania, in part because of "California's strong public policy to provide a protective local forum for local franchisees").

Furthermore, the California plaintiffs bring their claims under California state law. Resolution of this dispute may depend on how that law is interpreted. The California plaintiffs argue that the success of at least some of their claims may depend on the resolution of a Ninth Circuit case applying California law. See Pl.'s Notice of Supp. Authority. That case has been stayed pending the resolution of another case before the California Supreme Court. See id. Therefore, any familiarity this court has with the specific issues of California law presented here may need to be reconsidered prior to resolving this case. "When the merits of an action are unique to a

---

[2] As the court has no information on docket congestion in the transferee court, it is not considering congestion as a factor.

particular locale, courts favor adjudication by a court sitting in that locale." Employers Mut. Cas. Co., 618 F.3d at 1170. Resolution of this case in California is therefore proper.

Finally, the court finds that the California plaintiffs' motion is not a dilatory tactic. JPI argues, among other things, that the California plaintiffs waited to file this motion, and did so only after the court dismissed Depianti's claims--which the court had said would be a "test case" for the claims of the other plaintiffs. Def.'s Opp. at 9-10. JPI suggests the effort to have this case transferred may constitute forum shopping, and should not be allowed or abetted. Id. at 3. However, it was the court, not the plaintiffs, that proposed the "test case" model. See Apr. 13, 2010, Order. This mitigates any concern that the plaintiffs made a strategic decision to float their claims before multiple courts. Moreover, the California plaintiffs rightly note that only recently have they become the sole plaintiffs left in the case, which is why they now seek to sever and transfer their claims. See Pl.'s Mot. at 10.

In summary, the court finds that there are several factors that weigh in favor of transferring this case to California, and none that weigh against it. Accordingly, the motion the transfer is being allowed.

13

IV.   ORDER

In view of the forgoing, it is hereby ORDERED that:

1.   The Plaintiffs' Motion to Sever and Transfer Out-of-State Claims (Docket No. 197) is ALLOWED.

2.   Pursuant to Federal Rule of Civil Procedure 21, the claims of Plaintiffs Gloria Roman, Juan Aguilar, and Gerald Vasquez are SEVERED from all other claims.

3.   Pursuant to 28 U.S.C. §1404(a), this case is TRANSFERRED to the United States District Court for the Northern District of California.

4.   The Plaintiff's Assented-To Motion for Leave to File a Reply in Support of Their Motion to Transfer (Docket No. 202) is MOOT.


UNITED STATES DISTRICT
JUDGE

14