Shannon Liss-Riordan (SBN 310719)
(sliss@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800

Attorneys for Plaintiffs and the Putative Class

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA ROMAN, GERARDO VAZQUEZ, JUAN AGUILAR, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JAN-PRO FRANCHISING INTERNATIONAL, INC.<br><br>Defendant. | Case No.: 3:16-cv-05961-WHA<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT JAN-PRO FRANCHISING INTERNATIONAL INC.'S SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date:      May 11, 2022<br>Time:      10:00 am<br>Courtroom:   12, 19th Floor<br><br>Hon. William Alsup |

# TABLE OF AUTHORITIES

**Cases**

*Acosta v. Jani-King of Oklahoma, Inc.*
905 F.3d 1156 (10th Cir. 2018) ...................................................................................5

*Amero v. Townsend Oil Co.*
No. 07-1080-C, 2009 WL 1574229 (Mass. Super. Apr. 15, 2009) ...............................5

*Anderson v. Mt. Clemens Pottery Co.*
328 U.S. 680 (1946)......................................................................................................5

*Carr v. Flowers Foods, Inc.*
2019 WL 2027299 (E.D. Pa. May 7, 2019)...................................................................6

*Costello v. BeavEx, Inc.*
810 F.3d 1045 (7th Cir. 2016) ......................................................................................6

*Covillo v. Specialty's Cafe*
2012 WL 4953085 (N.D. Cal. Oct. 17, 2012) ..............................................................1

*DaSilva v. Border Transfer of MA, Inc.*
296 F. Supp. 3d 389 (D. Mass. 2017)...........................................................................6

*DHI Grp., Inc. v. Kent*
2018 WL 1150213 (S.D. Tex. 2018) .............................................................................2

*Figueredo-Chavez v. Rci Hospitality Holdi*
2021 WL 5479788 (S.D. Fla. 2021) .............................................................................3

*Gray Holdco, Inc. v. Cassady*
654 F.3d 444 (3d Cir. 2011) .........................................................................................1

*Gunn v. NPC Int'l, Inc.*
625 Fed. Appx. 261 (6th Cir. 2015)..............................................................................3

*Gutierrez v. Wells Fargo Bank, NA*
889 F.3d 1230 (11th Cir. 2018) ....................................................................................3

*Hooper v. Advance Am., Cash Advance Centers of Missouri, Inc.*
589 F.3d 917 (8th Cir. 2009) .....................................................................................2, 4

*Hurley v. Deutsche Bank Trust Co. Ams.*
610 F.3d 334 (6th Cir. 2010) ........................................................................................3

*James v. Uber Techs. Inc.*
338 F.R.D. 123 (N.D. Cal. 2021)...............................................................................5, 6

*Kelly v. Pub. Util. Dist. No. 2 of Grant Cty.*

552 F. App'x 663 (9th Cir. 2014)............................................................................................4

*Marino Performance, Inc. v. Zuniga*, 326 So. 3d 93 (Fla. App. Ct. 2021)....................................2

*Martin v. Yatsuda*
829 F.2d 1118 (9th Cir. 2016) .................................................................................................2

*Martins v. 3PD, Inc.*
2013 WL 1320454 (D. Mass. Mar. 28, 2013)...........................................................................6

*Moreno v. JCT Logistics, Inc.*
2019 WL 3858999 (C.D. Cal. May 29, 2019) ..........................................................................6

*Oregel v. PacPizza, LLC*
237 Cal. App. 4th 342 (2015) ..................................................................................................3

*S. Sys. v. Torrid Oven, Ltd.*
105 F. Supp. 2d 848 (W.D. Tenn. 2000) ..................................................................................2

*Sec'y of Labor v. DeSisto*
929 F.2d 789 (1st Cir. 1991)....................................................................................................5

*Sequoia Benefits & Ins. Servs., LLC v. Costantini*
2021 WL 3493734 (N.D. Cal. 2021) ........................................................................................2

*Vazquez v. Jan-Pro Franchising Int'l, Inc.*
10 Cal. 5th 944, 478 P.3d 1207 (2021).....................................................................................2

*Vazquez v. Jan-Pro Franchising Int'l, Inc.*
923 F.3d 575 (9th Cir. 2019) ...................................................................................................2

In its Surreply, Defendant Jan-Pro argues that Plaintiffs have not met their burden to establish waiver of its right to compel arbitration for several reasons, each of which fails. First, Defendant argues that Plaintiffs have not shown that Jan-Pro had knowledge of its right to arbitrate such that it could waive it. This argument is patently disingenuous; master franchisees' franchise disclosure documents, filed annually with the state of California, include a copy of the contracts they utilize with franchisees. These documents are ***publicly available***. *See* Liss-Riordan Decl. at ⁋⁋ 2-3. Jan-Pro was well aware of the contents of the franchise agreements utilized by its master franchisees in California, and indeed, Jan-Pro itself provided template franchise agreements and franchise disclosure documents to its master franchisees with updates every year. *See* Dkt. 247-4 (Thompson Dep.) at pp. 16-21; Dkt. 247-4 (Kissane Dep.) at p. 178. Moreover, the franchise agreements of the named plaintiffs were produced in discovery in this case more than a decade ago ***in 2009***, and each contains an arbitration provision. *See* Dkt. 292-11 at ⁋ 16, 292-12 at ⁋ 16, 292-13 at ⁋ 16.2. The notion that Jan-Pro was unaware of the fact that there were arbitration provisions in some class members' franchise agreements is simply not credible.[1]

Jan-Pro also insists that its delay in raising was not excessive because the litigation did not begin in earnest until 2017, when Plaintiffs' claims were transferred to this Court -- a transfer that Jan-Pro vigorously opposed, as it continued to aggressively litigate the case *in court* at every stage of the proceeding. *See* Dkt. 199. But Jan-Pro's claim that any "delay" should be measured from 2017 does not help it avoid the inevitable conclusion that it has long since waived its right to compel arbitration. Since 2017, Jan-Pro has ***twice*** moved for summary judgment, asking this Court to rule on the merits of the Plaintiffs' claims. *See* Dkt. 246. Furthermore, Jan-Pro mediated the case *on a class-wide basis* on August 6, 2019, with professional mediator Arthur Pressman. *See* Liss-Riordan Decl. at ⁋ 4; *Gray Holdco, Inc. v. Cassady*, 654 F.3d 444, 458 (3d Cir. 2011) (finding participation in court-ordered mediation and other status conferences before belatedly raising arbitration issue contributed to finding of waiver); *Covillo v. Specialty's Cafe*, 2012 WL 4953085, at *4 (N.D. Cal. Oct. 17, 2012) (finding waiver where "the parties have engaged in motion practice, the court has issued a ruling on Defendants' motion to dismiss [], and

---

[1] Interestingly, Jan-Pro's own declarant had no trouble making representations about which master franchisees began including arbitration provisions and when in the declaration he filed in support of Jan-Pro's recent summary judgment motion. *See* Dkt. 302 (Bauer Decl.).

1

PLAINTIFFS' OPP. TO JAN-PROS' CROSS-MOTION FOR SUMM. J. AND REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
CASE NO. CV 3:16-cv-05961-WHA

the parties have engaged in private mediation on two separate occasions."). Jan-Pro also aggressively litigated this case on appeal to the Ninth Circuit, filing *multiple* petitions for rehearing of the panel's adverse decision. *See Vazquez*, Appeal No. 17-16096, Dkt. 93, Dkt. 121. Had Jan-Pro refrained from filing its petition for rehearing, the case would have been remanded to this court in May 2019. *See Vazquez v. Jan-Pro Franchising Int'l, Inc.*, 923 F.3d 575 (9th Cir. 2019). Instead, as a result of Jan-Pro's efforts, the panel certified the issue of *Dynamex's* retroactivity to the California Supreme Court, where Jan-Pro continued to litigate this issue of first impression on the merits (and again lost, this time at the California Supreme Court, *see Vazquez v. Jan-Pro Franchising Int'l, Inc.*, 10 Cal. 5th 944, 478 P.3d 1207 (2021)). On remand, Jan-Pro has now moved for summary judgment *a second time*. *See* Dkt. 299. Courts have found waiver of the right to arbitrate based on ***far less***. *Hooper v. Advance Am., Cash Advance Centers of Missouri, Inc.*, 589 F.3d 917, 921 (8th Cir. 2009) (Defendant's "extensive" motion to dismiss "substantially invoked the litigation machinery" such that it waived its right to compel arbitration).[2] These are not the actions of a litigant that wants the efficiency and cost-savings of arbitration.

Jan-Pro insists that the waiver cases cited in Plaintiffs' Reply all involved attempts to waive arbitration after a class was certified, *see* Dkt. 323 at p. 3, but in fact, courts have also found waiver of the right to compel arbitration *before* a class or collective action certification as well. For example, in *Marino Performance, Inc. v. Zuniga*, 326 So. 3d 93, 95 (Fla. App. Ct. 2021), the defendant moved to compel arbitration while opposing the plaintiff's motion for class certification, "raising arbitration as an issue for the first time fourteen months after the class action complaint had been filed." The *Marino* Court granted class certification and found that the defendant had waived arbitration for unnamed class members:

> Marino did nothing to signal that it was preserving its arbitration right in the event of class certification prior to filing its motion to compel on the eve of the certification hearing. When Marino filed its answer and affirmative defenses, it did not raise its arbitration right or otherwise reserve the right to assert arbitration as an affirmative defense as to the unnamed class members….Marino attempted to have the entire action dismissed on the merits, and then, when that was unsuccessful, it

---

[2]    *See also DHI Grp., Inc. v. Kent*, 2018 WL 1150213, at *23 (S.D. Tex. 2018) ("In filing its motions to dismiss, DHI did not reserve its right to compel arbitration."); *S. Sys. v. Torrid Oven, Ltd.*, 105 F. Supp. 2d 848, 854 (W.D. Tenn. 2000) (by filing an answer and counterclaim without invoking the arbitration clause, party waived its right to arbitrate); *Sequoia Benefits & Ins. Servs., LLC v. Costantini*, 2021 WL 3493734, at *16 (N.D. Cal. 2021); *Martin v. Yatsuda*, 829 F.2d 1118, 1126 (9th Cir. 2016) (waiver was found where party spent "seventeen months litigating the case" including filing a motion to dismiss, entering into a protective order, answering discovery and conducting a deposition).

attempted to compel arbitration, months later but just days prior to the hearing on the motion for class certification. This is the type of "outcome-oriented gamesmanship" which the Eleventh Circuit criticized in *Gutierrez*, where one acts "in a manner inconsistent with one's arbitration rights and then change[s] course mid-journey" and pursues arbitration "when its prospects of victory in litigation dim."

*Id.* at 97-98 (*citing Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1236 (11th Cir. 2018)); *see also Oregel v. PacPizza, LLC*, 237 Cal. App. 4th 342, 358 (2015) (finding waiver where motion to compel arbitration was filed after Plaintiffs filed motion for class certification but before defendant's opposition was due).[3] The same is equally true here; Jan-Pro did not raise arbitration as a defense in its multiple answers that it filed in this case, and it has twice moved for summary judgment, attempting to have the case disposed of on the merits, before ever raising arbitration. Only now, after unfavorable developments like *Dynamex* and the Ninth Circuit's decision in the case, has it attempted to compel arbitration of unnamed class members' claims. *See Hurley v. Deutsche Bank Trust Co. Ams.*, 610 F.3d 334, 339 (6th Cir. 2010) ("[D]efendants did not attempt to enforce their arbitration rights until *after* the district court entered an unfavorable decision."); *Gunn*, 625 Fed. Appx. at 265 ("It was only after NPC obtained unfavorable rulings on its initial dispositive motions that it moved to dismiss or compel arbitration", which "is a factor weighing in favor of finding waiver, for it suggests that NPC's delay, instead of being attributable to an innocent or otherwise excusable purpose, was deliberately motivated by some perceived tactical advantage."). The fact that Jan-Pro has recently retained new counsel after *thirteen years*, who now favor a different strategy, does not excuse its delay in raising the arbitration issue.[4]

---

[3] *See also Gunn v. NPC Int'l, Inc.*, 625 Fed. Appx. 261, 267 (6th Cir. 2015) (affirming order finding waiver of right to arbitrate where Defendant did not raise arbitration issue as to any opt-in plaintiffs in putative collective action until 15 months after the cases were filed; "NPC knew then that all five actions were brought under the FLSA as collective actions on behalf of 'similarly situated' employees for unpaid compensation allegedly denied them pursuant to NPC's uniform policies and practices. Yet NPC made the conscious decision not to assert the arbitration issue until …more than two hundred opt-in plaintiffs had filed their consents to join."); *Figueredo-Chavez v. Rci Hospitality Holdings*, 2021 WL 5479788 (S.D. Fla. 2021) (prior to ruling on motion for conditional certification, the Court found "that Defendants have waived their right to arbitration as to Opt-in Plaintiffs and *other employees who potentially may opt-in to this litigation*" in the future) (emphasis added).

[4] Jan-Pro argues that because it agreed to address the *named Plaintiffs' claims* before certification, its delay in raising arbitration was not inconsistent with its right to seek arbitration of *absent class members' claims*. Dkt. 323 at p. 2. But Jan-Pro is incorrect. Waiver is based principally on a defendant taking actions inconsistent with the right to arbitrate, and here, Jan-Pro's actions are the very picture of a litigant that knowingly avails itself of the courts and seeks merits-based rulings *for years* before abruptly reversing course. Indeed, Jan-Pro has known this case was a putative class action from the moment it was amended to add claims on behalf of a putative California class in 2008. *See* Dkt. 29. At no point has Jan-Pro mentioned arbitration as an affirmative defense in its Answer or its Amended Answers. *See* Dkt. 31, 165-1, 245. Jan-Pro has engaged in such extensive litigation – *for 13 years* – because it was aware the

(continued on next page)

PLAINTIFFS' OPP. TO JAN-PROS' CROSS-MOTION FOR SUMM. J. AND REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
CASE NO. CV 3:16-cv-05961-WHA

Finally, Jan-Pro insists that Plaintiffs have not shown they were prejudiced by Jan-Pro's actions, beyond delays that were allegedly outside Jan-Pro's control. Dkt. 323 at pp. 2-3. But the prejudice suffered by Plaintiffs is obvious. Plaintiffs have litigated this case *as a class action* from the outset, drafting and serving class-wide discovery, and deposing multiple representatives of Defendant Jan-Pro International Inc. about Jan-Pro's policies and practices, as applied to the class at large. *See* Liss-Riordan Decl. at ¶ 5. Jan-Pro conceded as much in its prior filings with this Court noting, that "all discovery" including "merits and *class discovery*" had already taken place as of 2017, and "that discovery is closed and no further discovery should be allowed." Dkt. 229 at p. 9, ¶ 8 (emphasis added). Plaintiffs have plainly been prejudiced by having undertaken class discovery only to have Jan-Pro turn around and attempt to compel the putative class to arbitrate *years later*. Furthermore, Plaintiffs have poured significant resources into litigating this case on the merits, opposing Jan-Pro's multiple summary judgment motions and litigating appeals at the Ninth Circuit and California Supreme Court -- issues that would now have to be re-litigated in arbitration (if litigated at all) for the class members Jan-Pro now seeks to compel to arbitrate. The duplication of efforts in re-educating arbitrators and re-litigating substantive merits issues in arbitration, after the parties have expended years litigating this case as a putative class action in court, is obviously prejudicial.[5]

Jan-Pro also argues fleetingly that Plaintiffs have not identified a common method for determining minimum wage and overtime claims, nor have they shown that all franchisees have attended mandatory unpaid training. *See* Dkt. 323 at p. 5. Jan-Pro is incorrect. Monthly pay records for each class member demonstrate which accounts they cleaned that month and their pay, and customer contracts establish how often those accounts were cleaned and the services performed. *See, e.g.*, Dkt. 251-18 (pay statements);

---

(Footnote continued from previous page)
claims at issue here were on behalf of a class and not simply the named plaintiffs
[5]    *See Kelly v. Pub. Util. Dist. No. 2 of Grant Cty.*, 552 F. App'x 663, 664 (9th Cir. 2014) ("A late shift to an arbitrator would force the parties to bear the expense of educating arbitrators and threaten to require the appellees to relitigate matters decided by the district judge. It would waste the time and money spent by the appellees in federal court."); *Hooper v. Advance Am., Cash Advance Centers of Missouri, Inc.*, 589 F.3d 917, 923 (8th Cir. 2009) ("Advance America waited over four-and-a-half months before filing its motion for arbitration; (2) Advance America's motion to dismiss forced Plaintiffs to brief fully a number of substantive issues; (3) Plaintiffs relied on the court's resulting order in drafting and filing an amended complaint; and (4) Advance America would presumably seek to reargue in arbitration the issues it lost in the district court's ruling on its motion to dismiss…").

Dkt. 251-9 (pricing agreements). Utilizing these documents in conjunction with plaintiffs' testimony about how long it takes to perform cleaning tasks, will establish how many hours class members worked on each account and what they were paid. Where, as here, an employer failed to keep adequate records, a class can "rely on testimony from representative employees" to establish a wage violation. *Sec'y of Labor v. DeSisto*, 929 F.2d 789, 792 (1st Cir. 1991) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). Furthermore, with respect to the unpaid training, it is patently false to suggest that not all class members underwent this training, and indeed Plaintiff Aguilar testified in his deposition about having to undergo unpaid mandatory training. *See* Dkt. 274-4 (Aguilar Dep.) at 29-30. Such training was *contractually required* under the terms of the franchise agreements Jan-Pro itself drafted. *See, e.g.*, Dkt. 292-13 at ℙ 3(B)(1) ("The Franchisee is required to satisfactorily complete the training program to the satisfaction of Franchisor."). Every class member has a claim to recover wages for this unpaid time.

Finally, Jan-Pro also erroneously argues that the fact that some franchisees are incorporated, and others are not, will affect the Prong B analysis under the ABC test and precludes class certification. ***This is not true***. Regardless of whether franchisees were forced to incorporate or chose to do so freely, the fact of their incorporation makes no difference with respect to whether they performed services in the usual course of Jan-Pro's business. *Acosta v. Jani-King of Oklahoma, Inc.*, 905 F.3d 1156, 1160-61 (10th Cir. 2018) (reversing dismissal of claims; noting that "the fact that [cleaning workers] are franchisees or have formed corporations does not end the [misclassification] inquiry."). To the extent incorporation is relevant at all, it is relevant to Prong C of the ABC test, not Prong B. *See James v. Uber Techs. Inc.*, 338 F.R.D. 123, 138 (N.D. Cal. 2021) (holding that the fact that "some drivers incorporate their own businesses" was part of the Prong C analysis; certifying class under Prongs A & B only); *see also Amero v. Townsend Oil Co.*, No. 07-1080-C, 2009 WL 1574229, at *3 (Mass. Super. Apr. 15, 2009) (finding "Amero's incorporation a relevant consideration in determining whether he in fact operated his own fuel oil delivery business independently of Townsend" under Prong C, but ultimately granting summary judgment to Plaintiff on all three prongs of the Massachusetts ABC test).[6]

---

[6]   If the fact that some franchisees incorporated has any relevance at all, it is at most to Prong C of the ABC test, but the Court remains free to certify the class under the other prongs (or just under Prong B), as numerous courts have recognized. *See Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1060-61 (7th Cir. (continued on next page)

PLAINTIFFS' OPP. TO JAN-PROS' CROSS-MOTION FOR SUMM. J. AND REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
CASE NO. CV 3:16-cv-05961-WHA

Date: April 15, 2022

Respectfully submitted,

LICHTEN & LISS-RIORDAN, P.C.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan
Attorneys for Plaintiffs

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served by electronic filing on April 15, 2022, on all counsel of record.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan Esq.

---

(Footnote continued from previous page)
2016) (reversing denial of class certification when commonality existed on at least one prong of ABC test, which would be dispositive on liability); *James*, 338 F.R.D. at 132; *Moreno v. JCT Logistics, Inc.*, 2019 WL 3858999, at *13 (C.D. Cal. May 29, 2019) (certifying class on Prong B alone); *see also Carr v. Flowers Foods, Inc.*, 2019 WL 2027299, at *20 (E.D. Pa. May 7, 2019); *DaSilva v. Border Transfer of MA, Inc.*, 296 F. Supp. 3d 389, 400 (D. Mass. 2017) (certifying class under prongs A and C); *Martins v. 3PD, Inc.*, 2013 WL 1320454, at *6 (D. Mass. Mar. 28, 2013) (certifying class under Prongs A and B).