UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GLORIA ROMAN, GERARDO VASQUEZ, and JUAN AGUILAR,

    Plaintiffs,

  v.

JAN-PRO FRANCHISING INTERNATIONAL, INC.,

    Defendant.

No. C 16-05961 WHA

**ORDER RE MOTION TO COMPEL ARBITRATION**

With trial looming, defendant has moved to compel absent class members to arbitration (Dkt. No. 454). Defendant also requests a stay in the event its motion is denied until a final appellate decision has been made, citing *Coinbase, Inc. v. Bielski*, 143 S.Ct. 1915 (2023). Plaintiffs have filed their brief in opposition and a corresponding administrative motion to shorten time for the hearing on defendant's motion to compel (Dkt. No. 461). This order finds reply briefing unnecessary, and defendant's motion to compel arbitration suitable for disposition on the papers under Civil Local Rule 7-1(b). The hearing is hereby VACATED, and plaintiffs' administrative motion DENIED AS MOOT.

Our prior order certifying the class (and granting summary judgment in favor of some of plaintiffs' claims) made clear that defendant had waived arbitration:

> [D]efendant has waived its right to compel arbitration against the absent class members by seeking in court to litigate the merits of its franchise scheme on a *system-wide* basis, *i.e.*, on a class-wide basis. Having done so, and having now seen how the judicial winds are blowing, defendant should not be allowed to reverse field and play the arbitration card.

*Roman v. Jan-Pro Franchising Int'l, Inc.*, 342 F.R.D. 274, 291 (N.D. Cal. 2022). Defendant recognizes as much, explaining in its briefing: "This Court's decision that JPI waived its contractual right to arbitrate any claims brought against it by the unit franchisees was error" (Mot. 12).

A prior order already denied leave for reconsideration of the class certification order (Dkt. No. 376). Defendant also appealed the class certification order pursuant to Rule 23(f), and our court of appeals denied defendant permission to do so (Dkt. No. 383). Significantly, our class certification order's finding of waiver was part of determining that the class satisfied typicality and adequacy:

> [A]n otherwise typical plaintiff ought not be rendered atypical at the whim of a defendant by that defendant simply giving up a defense only against that named plaintiff. That neat trick will not be blessed. Otherwise, it could defeat class certification every time. And, defendant has not actually moved to compel arbitration. It has only said it intends to do so in the future.

*Roman*, 342 F.R.D. at 290–91. Defendant continues to couch its arbitration argument on that point, asserting that "because the unit franchisees must arbitrate their claims, Plaintiffs cannot meet the typicality and adequacy requirements of Rule 23(a)" (Mot. 12). This motion is therefore nothing more than a second motion for reconsideration on the same issue.

Moreover, the class certification and summary judgment order issued over a year ago, on August 2, 2022. It was based on a tentative order filed May 13, 2022, which explained the class would be certified and arbitration against absent class members would be deemed waived (Dkt. No. 338). Defendant, recognizing that "the present litigation is now in its 16th year," nevertheless argues that it may compel the class to arbitration *now*, one year after seeing how summary judgment ultimately came out, and two months before trial (Mot. 15). "Overall, considering the *totality* of the circumstances, as we must, we hold that the district court properly found that [defendant] has acted inconsistently with its right to compel arbitration . . . ." *Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 479 (9th Cir. 2023) (emphasis in original). So too here. Defendant's motion to compel arbitration is **DENIED**.

As to staying the action pending defendant's appeal, it is premature to consider a stay pending appeal because no appeal has yet been filed. If and when a notice of appeal is filed and the appeal is perfected through docketing, defendant may move for a stay pending appeal and the motion will be heard on an expedited basis.

**IT IS SO ORDERED.**

Dated: August 21, 2023.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3