Shannon Liss-Riordan (SBN 310719)
(sliss@llrlaw.com)
Adelaide H. Pagano, *pro hac vice*
(apagano@llrlaw.com)
Jane Farrell (SBN 333779)
(jfarrell@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800

Attorneys for Plaintiffs and the Certified Class

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA ROMAN, GERARDO VAZQUEZ, JUAN AGUILAR, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JAN-PRO FRANCHISING INTERNATIONAL, INC.<br><br>Defendant. | Case No.:  3:16-cv-05961-WHA<br><br>**PLAINTIFFS' MOTION TO CERTIFY DEFENDANT'S APPEAL AS FRIVOLOUS**<br><br>Date:          August 24, 2023<br>Time:          8:00 am<br>Courtroom:   12, 19th Floor<br><br>Hon. William H. Alsup |

**INTRODUCTION**

This Court recently denied Defendant Jan-Pro International's (hereinafter "Defendant" or "Jan-Pro") Motion to Compel Arbitration (ECF No. 454) noting this Court's "prior order certifying the class (and granting summary judgment in favor of some of plaintiffs' claims) made clear that defendant had waived arbitration." ECF No. 464 at 1. This Court further found that Defendant's motion was "nothing more than a second motion for reconsideration on the same issue." *Id.* at 2. Nevertheless, Defendant has filed a Notice of Appeal, ECF No. 465, clearly trying to avoid and delay the upcoming damages trial. For the reasons stated in Plaintiffs' Opposition to Defendant's Motion to Compel Arbitration (ECF No. 459) and summarized, in part, below, Plaintiffs request this Court certify Defendant's Appeal as frivolous. Specifically, Plaintiffs argue (1) controlling decisions issued since the Ninth Circuit denied Defendant's Rule 23(f) Petition support this Court's previous finding that Defendant waived its right to arbitration through litigation conduct, and (2) the Supreme Court expressly endorsed a district court's ability to certify an appeal as frivolous to ensure its decision in *Coinbase, Inc. v. Bielski*, 143 S.Ct. 1915 (2023) was not used as a tool to stall or delay a case, which is precisely what Defendant is doing here.

## I. ARGUMENT

If a district court finds that an interlocutory appeal is "frivolous," it "may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial." *Chuman v. Wright*, 960 F.2d 104, 104 (9th Cir. 1992). "A claim is frivolous if the results are obvious, or the arguments of error are wholly without merit." *Amwest Mortg. Corp. v. Grady*, 925 F.2d 1162, 1165 (9th Cir. 1991); *see also United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n.3 (9th Cir. 2002) (district court may deem an appeal frivolous if it is without merit). Furthermore, if an appeal is certified in writing as frivolous, it does not automatically divest the district court of jurisdiction to continue the proceedings. *Chuman*, 960 F.2d at 105; *see also* Wright & Miller, 15A Fed. Prac. & Proc. Juris. § 3901 (2d ed.) ("trial-court proceedings are not stayed if the trial judge certifies that the appeal is frivolous").

This Court has already found Defendant's Motion is "nothing more than a second motion for reconsideration on the same issue," and recognized that the Ninth Circuit denied Defendant's permission to appeal its Class Certification Order pursuant to Rule 23(f). ECF No. 464 at 2. Moreover, since Defendant submitted its Rule 23(f) Petition, the Ninth Circuit has decided, conclusively, that "waiver does

not require a court to have jurisdiction over the beneficiaries of the waiver; it does not even require a lawsuit to have been filed," meaning a Defendant's failure to raise the right to arbitrate *prior to or during* class certification may result in waiver. *Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 480 (9th Cir. 2023). The Ninth Circuit *also* reiterated in *Hill*, "There is no concrete test to determine whether a party has engaged in acts inconsistent with its right to arbitrate; rather, we consider the totality of the parties' actions." *Id.* at 471. This Court has already done just that, considered the totality of Defendant's actions, and the facts and record this Court considered have remained unchanged. Likewise, the Ninth Circuit's decision in *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1014–15 (9th Cir. 2023), which applies the Supreme Court's 2022 decision in *Morgan v. Sundance, Inc.* 142 S.Ct. 1708 (2022), affirmed that the burden on the party asserting waiver is no longer "heavy". Accordingly, it is crystal clear that controlling Ninth Circuit decisions issued *after* the Ninth Circuit denied Defendant's Rule 23(f) petition further *strengthen* Plaintiffs' waiver arguments and make clear that Defendant has long since waived its right to compel class members to arbitrate. This alone demonstrates Defendant's appeal is frivolous, as the outcome is *both* obvious and Defendant's arguments are without merit.

Additionally, the Supreme Court has expressly endorsed a district court's use of the procedure by which it may certify an appeal as frivolous. *Coinbase, Inc.*, 143 S.Ct. at 1922. In *Coinbase*, the Supreme Court noted that: "the courts of appeals possess robust tools to prevent unwarranted delay and deter frivolous interlocutory appeals." *Id.* at 1922. It continued: "For example, a party can ask the court of appeals to summarily affirm, to expedite an interlocutory appeal, or to dismiss the interlocutory appeal as frivolous. In addition, nearly every circuit has developed a process by which a district court itself may certify that an interlocutory appeal is frivolous." *Id.* Accordingly, Plaintiffs request the Court certify that the interlocutory appeal is frivolous, which would also prevent a stay of the case. *See Chuman*, 960 F.2d at 105.

Finally, Plaintiffs reiterate that Defendant's attempt to compel arbitration on the eve of trial is a sanctionable stall tactic. Rule 11(c) allows sanctions if a filing is submitted to "cause unnecessary delay," Fed.R.Civ.P. 11(b) (1), if it is "legally frivolous," or if it is "factually misleading," among other reasons. *Truesdell v. S. California Permanente Med. Grp.*, 293 F.3d 1146, 1153 (9th Cir. 2002). Again, in

*Coinbase, Inc.*, the Supreme Court expressly approved the use of "sanctions where appropriate" to "help[] deter frivolous appeals" from denials of motions to compel arbitration. *Coinbase, Inc.*, 143 S.Ct. at 1922. For all the reasons discussed in Plaintiffs' Opposition to Defendant's Motion to Compel Arbitration and above, there is no question that Defendant's eleventh-hour Motion to Compel Arbitration is: (1) a desperate attempt to avoid a trial fifteen years in the making; (2) legally frivolous; and (3) factually misleading. Thus, as further noted in that Opposition, Plaintiffs' motion for sanctions pursuant to Rule 11 is forthcoming. However, Plaintiffs reiterate that this Court may also sanction Defendant *sua sponte* under Rule 11 for Defendant's clear gambit to delay the trial set for October 16, 2023.

<strong>CONCLUSION</strong>

For all the reasons set forth herein, Plaintiffs respectfully and urgently request the Court certify Defendant's appeal as frivolous to the Ninth Circuit. The Court should not permit further delay or prejudice to the certified class in this case and should summarily dispose of Defendant's motion, which is plainly intended as a tactic to further delay this case.

Date: August 22, 2023

Respectfully submitted,

GLORIA ROMAN, GERARDO VAZQUEZ, JUAN AGUILAR, and all others similarly situated,

By their attorneys,

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan (SBN 310719)
(sliss@llrlaw.com)
Adelaide H. Pagano, *pro hac vice*
(apagano@llrlaw.com)
Jane Farrell (SBN 333779)
(jfarrell@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served by electronic filing on August 22, 2023 on all counsel of record.

                              _/s/ Shannon Liss-Riordan_
                                   Shannon Liss-Riordan Esq.

PLAINTIFFS' MOTION TO CERTIFY DEFENDANT'S APPEAL AS FRIVOLOUS
CASE NO. CV 3:16-cv-05961-WHA