UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA ROMAN, GERARDO VASQUEZ, and JUAN AGUILAR,<br><br>Plaintiffs,<br><br>v.<br><br>JAN-PRO FRANCHISING INTERNATIONAL, INC.,<br><br>Defendant. | No. C 16-05961 WHA<br><br>**ORDER RE MOTION TO CERTIFY APPEAL AS FRIVOLOUS** |

This appeal is frivolous for the reasons set forth in the order denying arbitration as to absent class members (Dkt. No. 464). This appeal is an obvious last-ditch stab at delaying a long-overdue trial (after fifteen years of litigation, seven of which were in this district, a majority of which was spent on appellate issues involving the merits).

Defendant says that it seeks to stay the trial only as to those class members who signed arbitration agreements, but it fails to identify fully those who signed versus those who did not sign any arbitration agreements. The burden is on defendant, not plaintiffs, to present all such arbitration agreements. Defendant has not done so.

Significantly, defendant itself is *not* a party to any arbitration agreement with any class member; instead, defendant wants to piggyback on arbitration agreements some of its master franchisees have evidently made with their individual janitor unit franchisees. To wit, defendant filed a declaration along with its motion to compel arbitration which appended the

declarations of seven owners of various regional master franchisees in California (Lanyi Decl., Dkt. No. 455). Those appended declarations in turn appended "yearly samples" of "actual signed franchise agreements" containing clauses requiring arbitration deep within lengthy contracts (Br. Supp. Mot. Compel Arbitration 3, Dkt. No. 454). In total, 125 samples were appended, for a class of approximately 2,300.[*]

One such post-2010 "sample" arbitration agreement is expressly limited to a "Dispute," defined to mean "any dispute or disagreement arising *between the parties to this Agreement*, including any dispute or disagreement in any way related to or arising out of this Agreement" (Buenrostro Decl. Exh. 9 § 21, Dkt. No. 455-1 (emphasis added)). So the individual janitors only committed to arbitrate claims against the master franchisee, not against defendant. Were a stay denied, defendant could not say it would be deprived of the benefit of its bargain, having never made a bargain to arbitrate. *See Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915, 1921 (2023) (explaining that "[a]bsent a stay, parties also could be forced to settle to avoid the district court proceedings (including discovery and trial) that they contracted to avoid through arbitration").

Under the same sample agreement, there are some onerous conditions. The duty to arbitrate, for example, is further burdened by yet another duty, even before arbitration, to submit the dispute to nonbinding mediation before the CPR Institute for Dispute Resolution, and all parties must attend the proceedings to be held in the county in which the master franchisee has its principal office. The janitor must bear all his or her own costs for both the mediation and arbitration, and pay half of both the mediator and arbitrator fees. *See Lim v. TForce Logistics, LLC*, 8 F.4th 992, 1003 (9th Cir. 2021) ("In addition, the requirement that Lim pay half of the arbitration fees, including with respect to the gateway issue of arbitrability, impermissibly imposes a 'type of expense that [Lim] would not be required to bear if he [ ] were free to bring the action in court.'" (quoting *Armendariz v. Found. Health Psychcare Servs., Inc.*, 6 P.3d 669, 687 (Cal. 2000))).

---

[*] At the hearing on this motion to certify the appeal as frivolous, reference was made to 118 sample agreements in error. The accurate number is 125.

Defendant asserts that its extreme delay in making this motion resulted from the fact that "classwide discovery" has been underway only over the last year. A year, however, is a long time. Defendant, moreover, did not need "discovery" to seek arbitration agreements from its *own* Jan-Pro master franchisees. These agreements could have been collected within the Jan-Pro organization during the last fifteen years, regardless of the status of discovery.

Nevertheless, in light of the Supreme Court's holding in *Coinbase, Inc. v. Bielski*, this civil action is **STAYED** pending appeal to our court of appeals as to the 125 unit franchisees. This action will continue as to the over 2,100 remaining class members. Because trial would begin on October 16, 2023, the district court asks that the court of appeals please consider expediting the appeal. If the court of appeals rejects the appeal in time, counsel must remain prepared to try the case as scheduled. Otherwise, the trial shall trail the appellate decision and counsel should prepare accordingly.

**IT IS SO ORDERED.**

Dated: August 25, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE