RICHARD H. RAHM (SBN 130728)
rrahm@littler.com
LEE E. SHELDON (SBN 263310)
lsheldon@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: 415.433.1940

NORMAN M. LEON (IL SBN 6239480)
norman.leon@us.dlapiper.com
DLA PIPER LLP (US)
444 W. Lake Street, Suite 900
Chicago, IL 60606
Telephone: 312.368.2192

JEFFREY M. ROSIN (MA SBN 629216)
jrosin@ohaganmeyer.com
O'HAGAN MEYER
111 Huntington Avenue, Suite 719
Boston, MA 02199
Telephone: 617.843.6800

Attorneys for Defendant
JAN-PRO FRANCHISING INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA ROMAN, GERARDO VASQUEZ, JUAN AGUILAR,<br><br>Plaintiffs,<br><br>v.<br><br>JAN-PRO FRANCHISING INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 3:16-cv-05961-WHA<br><br>**NOTICE OF SETTLEMENT AND RESPONSE TO COURT ORDER**<br><br>Judge:   Hon. William Alsup<br>Courtroom 12, 19th Floor |

# NOTICE OF SETTLEMENT AND RESPONSE TO COURT ORDER

On September 18, 2023, this Court ordered the parties to state their positions with respect postponing the trial in this matter that scheduled for October 16, 2023. *See* Dkt. 490. Notice is hereby given that the above-entitled action has settled, and that the parties have executed a Memorandum of Understanding memorializing the settlement. The MOU is attached hereto as Exhibit A. Jan-Pro Franchising International, Inc. ("JPI") accordingly requests the Court to take all trial-related dates off calendar. The parties will work expeditiously to draft a full settlement agreement that will serve as the basis for a motion for preliminary settlement.

Dated: September 22, 2023

LITTLER MENDELSON, P.C.

/s/ *Richard H. Rahm*
Richard H. Rahm
Lee E. Sheldon

DLA PIPER LLP (US)
Norman M. Leon

O'HAGAN MEYER
Jeffrey M. Rosin

Attorneys for Defendant
JAN-PRO FRANCHISING INTERNATIONAL, INC.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA
94104
415.433.1940

4885-3528-0257.1 / 120920-1001

1

NOTICE OF SETTLEMENT
3:16-CV-05961-WHA

# EXHIBIT A

# MEMORANDUM OF UNDERSTANDING

This Memorandum of Understanding ("MOU") shall serve as a summary of the anticipated material terms of the final written Settlement Agreement in the dispute, as initiated by Plaintiffs Gloria Roman, Juan Aguilar and Geraldo Vazquez ("Plaintiffs"), represented by Shannon Liss-Riordan, Adelaide Pagano and Jane Farrell of Lichten & Liss-Riordan, P.C., against Defendant Jan-Pro Franchising International, Inc. ("JPI"), represented by Jeffrey M. Rosin of O'Hagan Meyer, Norman M. Leon of DLA Piper LLP (US), and Richard H. Rahm of Littler Mendelson, P.C., in the action known as *Roman, et al. v. Jan-Pro Franchising, Int'l*, Case No. 3:16-cv-05961-WHA ("Action").

1. **Definition of Parties and Class Release Period:**

    a. **Definition of Settlement Class Members.** The Settlement shall cover all persons who are members of the Class Action certified by the Court on August 2, 2022 and also all other unit franchisees who have signed franchise agreements with master franchises in the State of California and performed cleaning services as a Jan-Pro franchisee since December 12, 2004 to the time of Preliminary Approval (collectively "Settlement Class Members").

    b. **Definition of Release Period:** The Settlement Class Release Period shall run from December 12, 2004 to the date of Final Approval and Judgment ("Release Period') (assuming prompt approval) and will release the Released Parties of all Released Claims (both terms as defined in Section 5 below).

2. **Monetary Terms of Settlement**

    a. **Maximum Settlement Amount:** The Maximum Settlement Amount is $30,000,000 subject to the terms and conditions herein. The Settlement Amount includes all: (1) payments to the class; (2) class counsels' fees; (3) class counsels' costs; (4) Settlement Administrator fees; (5) settlement payments for the named Plaintiffs' individual claims; (6) service payments to the named Plaintiffs; and (7) payments of federal and state employer-side taxes and/or Employment Development Department contribution amounts. The Maximum Settlement Amount less the payments described in subparagraph 2.a.(2)-(7) herein is the Net Settlement Fund. Under no circumstances shall JPI be obligated to pay more than the Maximum Settlement Amount. Each class member shall be responsible for paying any taxes due on his or her settlement.

    b. **Division of Settlement Amounts:**

        i. **Type of Settlement:** This settlement is non-reversionary.

        ii. **Calculation of Individual Settlement Amounts:** Each Class Member's estimated payment to be paid out of the total Net Settlement Fund. To be entitled to their individual settlement payment, Class Members must not opt out of the Settlement, and must timely complete, sign and submit a valid Claim Form to the Settlement Administrator who shall administer all settlement payments.

# MEMORANDUM OF UNDERSTANDING

    iii. **Timing of Payment:** JPI shall deposit the settlement funds with the Settlement Administrator after the judgment becomes non-appealable.

    iv. **Tax Allocation:** Payments to Class Members shall be characterized as 33% wages and 66% non-wages and shall be accordingly reported as W2 Income and Form 1099 payments.

    v. **Cashing of Checks:** Class Members who submit a claim form will have 120 days from the date of mailing of their settlement check to cash their settlement check. Any failure of a Class Member to deposit a check shall not affect the enforceability of the release of claims, as the parties jointly agree that valid consideration for same is the offer of monetary consideration by means of the offer of settlement and mailing of settlement checks.

  c. **Attorneys' Fees and Costs:** The parties agree that counsel for the Class Members may seek and JPI will not oppose up to one-third of the Maximum Settlement Amount as attorneys' fees and costs, subject to proof and approval of the Court.

  d. **Settlement of Named Plaintiffs' Individual Claims:** The parties agree that each named Plaintiff shall receive $25,000 out of the net settlement for the settlement of their individual claims, given the amount of time the action has been pending, in exchange for which each Plaintiff will execute a general release of all claims.

  e. **Service/Enhancement Award:** JPI will not oppose a service/enhancement award to each named Plaintiff in an amount no greater than $5,000 each. The service/enhancement payments will be characterized as taxable income and reported on an IRS Form 1099.

3. **Appointment, Duties and Costs of Administrator**

  a. **Settlement Administrator:** The parties agree to select a Settlement Administrator, subject to the Court's approval. The costs of the Settlement Administrator shall be paid out of the Maximum Settlement Amount prior to distribution to the Class Members.

  b. **Class List:** Plaintiffs will provide the Settlement Administrator with the Class List.

  c. **Settlement Distribution:** The parties shall agree on a reasonable formula for allocating the net settlement amount among class members. Plaintiffs' counsel will implement the formula calculation, with assistance from the Administrator as needed.

  d. **Notice Packet:** Following receipt of the Class List, the Settlement Administrator shall prepare a Notice Packet for each Class Member that will consist of a Claim Form that includes a Release. The Notice Packet shall describe the nature of the

# MEMORANDUM OF UNDERSTANDING

litigation and the settlement, including the estimated amount of the Class Member's pro rata share of the settlement.

e. **Delivery of the Notice Packet:** The Settlement Administrator shall deliver the Notice Packet by First Class U.S. Mail with an enclosed, postage-paid return envelope to each Class Member, as well as by electronic mail and text, for class members for whom email addresses and phone numbers are available. The notice shall be printed in English and Spanish. Any Notices returned undeliverable shall be traced to obtain a new address and be re-mailed by First Class Mail. Class Members shall have at least forty-five (45) days from the date of mailing of the Notice to opt out of the settlement or object to the settlement. Upon final court approval of the settlement, class member settlement shares will be distributed to class members who have submitted claim forms. The administrator shall send reminders to class members as directed by Plaintiffs' counsel in order to encourage class members to submit claims. A portion of the settlement proceeds shall be held back to be used for resolving bona fide disputes regarding the settlement distribution and to provide settlement payments to class members who submit late claims. The administrator shall reissue checks upon request as needed. Any funds that are not distributed after 180 days following the initial distribution shall be distributed on a *cy pres* basis to Legal Aid at Work in San Francisco.

f. **JPI's Obligations:** JPI shall deposit all amounts due under the Settlement Agreement with the Settlement Administrator within five (5) calendar days after the judgment in the Civil Action has become non-appealable. Attorneys' fees, costs, and service awards will be paid within five (5) calendar days after JPI deposits the amounts due under the Settlement Agreement with the Settlement Administrator. The Administrator shall distribute class member settlement shares as soon as practicable, but no later than fourteen (14) calendar days after receiving the settlement proceeds.

g. The parties will cooperate in good faith to obtain prompt approval of the settlement, so as to allow settlement proceeds to be distributed in December 2023 if the Court allows.

4. **Non-Monetary Terms of Settlement**

    a. Starting with its 2024 recommended template Franchise Disclosure Document to California regional master franchise owners, JPI will set forth a recommended disclosure that it recommends California regional master franchise owners utilize in their Franchise Disclosure Documents detailing a hypothetical example of a unit franchisee's monthly gross revenue along with monthly net revenue after anticipated fees.

    b. Starting in 2024, JPI will recommend to California regional master franchise owners to form a California "Advisory Council" made up of an owner representative or owner-designated representative from each region in California, along with at least one unit franchisee representative from each region (for whom

## MEMORANDUM OF UNDERSTANDING

franchisees shall have input in selecting). Among other things, the Advisory Council will make efforts to discuss and develop fair pricing to customers that assists unit franchisees in maximizing rates for service, and to develop a process for hearing issues of concern to unit franchisees.

    c. Starting in 2024, JPI will provide each regional master franchise in California with sufficient inventory of Jan-Pro branded shirts for a period of 3 years to distribute to new franchisees, or make such other arrangement as are practicable for new franchisees in California to obtain a Jan-Pro branded shirt at no cost. After that, Regional Franchise Developers may choose to continue or discontinue the practice, in their own business judgment.

    d. Starting in 2024, JPI will provide each regional master franchise in California with sufficient inventory of preferred microfiber cloths for a period of 3 years to distribute to new franchisees, or make such other arrangement as are practicable for new franchisees in California to obtain microfiber cloths at no cost. After that, Regional Franchise Developers may choose to continue or discontinue the practice, in their own business judgment.

    e. JPI will invest to have unit franchisee written training modules translated into Spanish, which Regional Franchise Developers may make available to Spanish speaking franchisees.

5. **Release:** The parties agree that it is in their intent that the terms set forth in this MOU will release any further attempt, by lawsuit, administrative claim or action, arbitration, demand or other action of any kind, by each and every "Participating Class Member" (those who do not timely opt out) to obtain any recovery based on the facts giving rise to the claims pled or which could have been pled in the Complaint.

    a. **Participating Class Member Release:** The "Released Claims" with respect to the "Released Parties" (defined below) are all claims, charges, complaints, liens, demands, causes of action, obligations, damages and liabilities, known or unknown, suspected or unsuspected, that each Participating Class Member had, now has, or may hereafter claim to have against the Released Parties and that were asserted in the Action, or that relate in any way to those claims that could have been asserted in the Action based on any of the facts, circumstances, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act alleged in the Action, regardless of whether such claims arise under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law ("the Released Claims"). The Released Claims specifically include but are not limited to claims for: (1) violation of the Unfair and Deceptive Business Practices, California Business and Professions Code section 17200, *et seq.*; (2) misclassification of independent contractors, California Business and Professions Code sections 17200, *et seq.*; (3) violations of California wage laws, including minimum wages (California Labor Code sections 1182.12, 1194, 1197, 1197.1, Wage Order 4), overtime wages (California Labor Code sections 510, 1194, 1198, Wage Order 4), timely payments of all wages owed without improper deductions

# MEMORANDUM OF UNDERSTANDING

(California Labor Code sections 218.5, 221, 2802), and other related California wage laws (California Labor Code sections 200, *et seq.*, 500 *et seq.*; (4) quantum meruit; and (5) unjust enrichment.

    b. **Released Parties.** "Released Parties" include JPI, each of its California Regional Master Franchise Owners with any ownership of a region at any time during the Class Period, and each of its subsidiaries, officers, directors, members, partners, owners, shareholders, employees, former employees, agents, servants, attorneys, assigns, affiliates, volunteers, predecessors, successors, parent companies and organizations, insurers, and all other persons, firms and corporations in which JPI may have an ownership interest.

    c. **Named Plaintiffs Release:** Named Plaintiffs shall each execute a general release as to the Released Parties.

6. **Right of Revocation:** JPI, and only JPI, shall have the right to revoke the Settlement Agreement within seven (7) calendar days after the notice/claim period closes and the Settlement Administrator has informed JPI how many Class Members have opted out, if more than 10% of all Class Members whose Notice Packets were delivered have opted-out of the settlement. The Settlement Administrator shall report to the parties' counsel thirty (30) days after the mailing of the Notice regarding the percentage of Class Members who have submitted Claim Forms. The parties will then determine whether additional steps should be taken to ensure the submission of an adequate number of Claim Forms.

7. **Settlement Documentation and Approval:** The Settlement Agreement is contingent upon judicial approval.

    a. **Settlement Agreement:** All terms and conditions of this MOU shall be set forth in a formal settlement agreement ("Settlement Agreement"), and the Settlement Agreement shall, when fully executed and finally approved by a court, replace this MOU, which shall then be of no further force and effect.

    b. **Failure of Approval:** If the court fails to approve this settlement, the settlement is null and void and is not admissible in any other proceeding or action.

8. **No Admission of Liability:** JPI denies any liability or wrongdoing of any kind associated with the claims alleged in this matter. Nothing in this MOU or the Settlement Agreement shall be construed or deemed as an admission of liability, culpability, negligence, or wrongdoing on the part of JPI.

9. **Publicity and Confidentiality**

    a. **Communication by Counsel:** Plaintiffs' counsel agrees that they will not solicit Class Members to exclude themselves from this settlement. JPI agrees that it shall not discourage Class Members from participating in the settlement and shall refer any questions to the Settlement Administrator.

## MEMORANDUM OF UNDERSTANDING

    b. **Confidentiality:** Prior to filing of the motion(s) for approval, counsel for Class Members shall not discuss the terms of the settlement or the negotiations leading to settlement with any person other than the named Plaintiffs.

10. **Integration:** Each party warrants that no promise or inducement has been offered or made to that party except as set forth herein. It is understood and agreed by each party that this MOU specifically supersedes all prior agreements and understandings, written or oral, express or employed, between JPI and Counsel for Class Members.

11. **Governing Law:** This MOU is made under the laws of the State of California, without regard to otherwise applicable principles of conflicts of laws.

12. **Authority to Sign:** The signatories hereto represent and warrant that they have the authority to sign on behalf of their designated parties. This Agreement may be executed in counterparts and each counterpart, when executed, shall have the efficacy of a second original. Photographic or facsimile copies of any such signed counterparts may be used in lieu of the original for any said purpose.

This 22nd day of September, 2023

_____
Shannon Liss-Riordan
Adelaide Pagano
Jane Farrell
LICHTEN & LISSS-RIORDAN, P.C.

Attorneys for Plaintiffs
GLORIA ROMAN, JUAN AGUILAR, AND
GERALDO VAZQUEZ

## MEMORANDUM OF UNDERSTANDING

_____
Jeffrey M. Rosin
O'HAGAN MEYER

Norman M. Leon
DLA PIPER LLP (US)

Richard H. Rahm
Lee Sheldon
LITTLER MENDELSON, P.C.

Attorneys for Defendant
JAN-PRO FRANCHISING
INTERNATIONAL, INC.